UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GARDNER, #287557,

        Petitioner,

                                              Case No. 13-CV-15051

v.

                                               HON. MARK A. GOLDSMITH

DUNCAN MACLAREN,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 12),
(2) DENYING PETITIONER'S MOTIONS FOR AN EVIDENTIARY HEARING (Dkt. 1),
TO FILE SUPPLEMENTAL PLEADINGS (Dkt. 9), FOR SUMMARY JUDGMENT (Dkt.
14), AND TO FILE EXHIBITS IN A TRADITIONAL MANNER (Dkt. 16), (3)
SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt.
1), (4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (5)
DENYING PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

### I. INTRODUCTION

Petitioner Eric Gardner, confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). In his pro se application, Petitioner challenges his conviction and sentence for seven counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b; and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12.

Petitioner filed this petition for writ of habeas corpus on December 6, 2013. In lieu of filing an answer to the petition, on June 10, 2014, Respondent filed a motion for summary judgment on the ground that the petition was not timely filed (Dkt. 12).

On July 11, 2014, Petitioner filed a response to Respondent's motion (Dkt. 15). Petitioner has also filed motions to file supplemental pleadings (Dkt. 9), for summary judgment

1

(Dkt. 14), and to file exhibits in a traditional manner (Dkt. 16).  As part of his original habeas application, Petitioner also filed a motion for an evidentiary hearing (Dkt. 1).

For the reasons stated below, the Court grants Respondent's motion for summary judgment and dismisses the petition as time-barred.  The Court further denies Petitioner's motions for an evidentiary hearing, to file supplemental pleadings, for summary judgment, and to file exhibits in a traditional manner.  The Court also declines to issue Petitioner a certificate of appealability and denies Petitioner leave to appeal in forma pauperis.

## II.  BACKGROUND

Petitioner was convicted following a jury trial in the St. Clair County Circuit Court. Direct review of Petitioner's conviction ended in the Michigan courts on December 29, 2004, when the Michigan Supreme Court denied Petitioner's application for leave to appeal following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals.  People v. Gardner, 690 N.W.2d 108 (Mich. 2004).

Petitioner signed and dated a post-conviction motion for relief from judgment on December 15, 2011, which was filed with the St. Clair County Circuit Court on December 20, 2011 (Dkt. 13-12).  The trial court denied Petitioner's post-conviction motion, see 2/9/12 Order (Dkt. 13-13), which the Michigan Court of Appeals affirmed.  See 1/3/13 Opinion (Dkt. 13-14). On July 20, 2013, collateral review of Petitioner's conviction ended in the Michigan courts when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his post-conviction motion.  People v. Gardner, 833 N.W.2d 914 (Mich. 2013).

2

Petitioner's habeas application is signed and dated December 6, 2013, and was filed with the Court on December 12, 2013.[1]

### III.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id.  If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories, and admissions that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324–325 (1986); see also Sanders v. Freeman, 221 F.3d 846, 851 (6th Cir. 2000).  The summary judgment rule applies to habeas proceedings. See Redmond v. Jackson, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003). In the statute of limitations context, dismissal is appropriate only if a moving party clearly shows the claim is out of time. Cooey v. Strickland, 479 F.3d 412, 416 (6th Cir.2007), cert. denied, 553 U.S. 1014 (2008).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. See 28 U.S.C. § 2244(d)(1). Petitioner's habeas petition was filed after April 24, 1996, and thus, the provisions

---

[1] Under the prison mailbox rule, the Court will assume that Petitioner actually filed his habeas petition on December 6, 2013, the date that it was signed and dated. See Towns v. U.S., 190 F.3d 468, 469 (6th Cir. 1999).

of the AEDPA, including the limitations period for filing a habeas petition, apply. See Lindh v. Murphy, 521 U.S. 320, 337 (1997). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of subsection 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. Jimenez v. Quarterman, 555 U.S. 113, 119 (2009).

Absent statutory or equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. §§ 2244(d)(1)-(2); Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004); see also Lee v. Brunsman, 474 F. App'x 439, 441 (6th Cir. 2012).

IV. ANALYSIS

A. Respondent's Motion for Summary Judgment

Respondent argues in his motion for summary judgment that Petitioner's habeas petition should be barred from federal habeas review by the one-year statute of limitations. Resp't Mot. at 10-11.

1. Petitioner's Habeas Petition Is Untimely Under the AEDPA One-Year Statute of Limitations

The Michigan Court of Appeals affirmed Petitioner's conviction on June 8, 2004. People v. Gardner, No. 245726, 2004 WL 1254312, at *1 (Mich. Ct. App. June 8, 2004). The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 29, 2004. Gardner, 690 N.W.2d 108.

If a habeas petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009); see also Clay v. United States, 537 U.S. 522, 527 (2003) (holding that a federal judgment becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires"). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13(1). Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, Petitioner's judgment became final, for the purpose of commencing the running of the one-year limitations period, on March 30, 2005. See, e.g.,

5

Grayson v. Grayson, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002). Absent equitable or statutory tolling, Petitioner had until March 30, 2006, to timely file his habeas petition.

Petitioner filed a post-conviction motion for relief from judgment with the state court on December 15, 2011, after the one year limitations period had already expired.[2] Although 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute, a state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. See Jurado v. Burt, 337 F.3d 638, 641 (6th Cir. 2003); see also Hargrove v. Brigano, 300 F.3d 717, 718 n.1 (6th Cir. 2002). Moreover, the mere fact that Petitioner raised a claim of ineffective assistance of appellate counsel in his post-conviction motion would not re-start the one-year limitations process anew. A motion for state post-conviction review which alleges ineffective assistance of appellate counsel tolls, but does not restart, the AEDPA's limitations period. See Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). Since the limitations period had already expired by the time Petitioner's filed his post-conviction motion, the fact that Petitioner alleged the ineffective assistance of appellate counsel in the motion would not revive the statute of limitations. Therefore, Petitioner's state post-conviction proceedings did not toll the statute of limitations, and his current habeas petition is untimely.

---

[2] Michigan has adopted some form of the prison mailbox rule, which deems a prisoner's pleading filed at the time that it is given to prison officials for mailing to the court. See M.C.R. 7.105; 7.204; 7.205; 7.302. The Court will deem Petitioner's post-conviction motion to have been filed on the date that it was signed and dated and given to prison authorities for mailing to the St. Clair County Circuit Court for filing.

The Court is aware that Petitioner, in several of his claims, alleges that the state trial court or the prosecutor withheld evidence that was either exculpatory or that would support his claims. Petitioner specifically alleges in several claims that the prosecutor suppressed evidence of a parental termination hearing involving the victims' mother in the St. Clair County Probate Court, which contains evidence and testimony that Petitioner claims could have been used to impeach the victims' trial testimony. See Pet. at 71-73, 75, 78 (cm/ecf pages). Petitioner also alleges in his fourth claim that the felony warrant, criminal complaint, and criminal information filed in this case were defective, but that he was not provided copies of these documents until years after his trial. See id. at 60-70 (cm/ecf pages). Petitioner further alleges in his tenth claim that the prosecution withheld evidence that Michigan State Police Forensic Examiner Melinda Jackson only tested three out of the eighteen bags of bedding, clothing, and two rape shield kits seized by the police. See Pet. at 26 (cm/ecf pages) (Dkt. 1-2). Petitioner argues that the withholding of this information violated Brady v. Maryland, 373 U.S. 83 (1963). See Pet. at 74-85 (cm/ecf pages) (Dkt. 1); Pet. at 29 (cm/ecf page) (Dkt. 1-2).

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. See Ali v. Tennessee Bd. of Pardon & Paroles, 431 F.3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. Redmond, 295 F. Supp 2d at 771. Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner "knows, or through due diligence, could have discovered, the important facts" for his or her claims, not when the petitioner recognizes the

7

facts' legal significance. Id. In addition, section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." Id. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." Id. at 772. Lastly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery . . . is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." Jefferson v. United States, 730 F.3d 537, 547 (6th Cir. 2013).

Petitioner admits that he was aware of the probate court proceedings prior to his trial, and acknowledges that he was not "allowed" inside the courtroom for the proceedings. See Pet. at 36 (cm/ecf page) (Dkt. 1). Petitioner also acknowledges that the existence of the probate court termination hearing was disclosed by the prosecution to defense counsel and to Petitioner on the fourth day of trial. Id. at 82 (cm/ecf page). Petitioner further indicates that he was aware of the alleged defects in the warrant and criminal complaint at trial and that his defense counsel objected, in fact, to these documents. Id. p. 67 (cm/ecf page). Finally, Petitioner was aware at trial that Jackson had only tested some of the evidence collected by the police. Pet. at 26-27 (cm/ecf pages) (Dkt. 1-2).

Petitioner was aware of the factual predicate of his Brady claims either prior to, or at the time of, his trial. The commencement of the one-year limitations period was not delayed pursuant to § 2244(d)(1)(D) until Petitioner's alleged discovery of the factual predicates for his Brady claims, in light of the fact that Petitioner was aware of this information prior to, or at the

time of, his trial. See Whalen v. Randle, 37 F. App'x 113, 119 (6th Cir. 2002) (concluding that, while petitioner may not have had access to a police report, he did not qualify for tolling of the one-year statute of limitations because petitioner was aware of witnesses at his original trial and petitioner did not show that the delayed police report "contained evidence that [petitioner] did not already have, or contained suppressed evidence that would have produced a different verdict").

Petitioner raises a number of arguments in his response to Respondent's motion for summary judgment.

Petitioner first complains that Respondent's motion for summary judgment does not address the merits of his claims. See Pet. Resp. at 1 (Dkt. 15). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts indicates that "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order." Under Rule 4, it is clearly permissible for a respondent to file a motion to dismiss or for summary judgment. See Jackson v. Straub, 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004) (reasonable for respondent to file motion for summary judgment on statute of limitations grounds, rather than answer merits of petition, when law in effect at time that respondent filed motion held that the habeas petition was time-barred). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. See Bachman v. Bagley, 487 F.3d 979, 982 (6th Cir. 2007) (holding that a "merits decision was of course unnecessary, since the district court denied the petition on statute of limitations grounds").

Petitioner next argues that the state courts lacked jurisdiction over his criminal case, and, thus, the AEDPA's statute of limitations is inapplicable. See Pet. Resp. at 2. However, the mere

fact that there may be a jurisdictional defect in Petitioner's conviction would not mean that the limitations period contained in § 2244(d) is inapplicable to his conviction. See Frazier v. Moore, 252 F. App'x 1, 5-6 (6th Cir. 2007) (holding that a petitioner "in custody pursuant to a judgment of the [state] courts, even if that judgment may not be valid under state law," would still be "subject to 28 U.S.C. § 2244(d)'s one year statute of limitations in filing his federal habeas petition"); see also Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008) (jurisdictional challenge was not exempt from one-year limitations period for filing motion to vacate sentence pursuant to 28 U.S.C. § 2255); Banks v. Ludwick, No. 07-12821, 2008 WL 2397627, at *5 (E.D. Mich. June 11, 2008) (holding that "there is no authority for the proposition that claims attacking the jurisdiction of the trial court are exempt from the limitations provision of § 2244(d)").

### 2. Petitioner Is Not Entitled to Equitable Tolling

Petitioner next argues that he is entitled to equitable tolling for several reasons.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing" of the habeas petition. Id. at 649 (quotation marks omitted). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. Id.

Petitioner claims that he is entitled to equitable tolling because he was only allowed six hours per week in the prison law library. See Pet. Resp. at 3. This would be insufficient to

justify equitable tolling, particularly in light of the almost seven years between the conclusion of Petitioner's direct appeals and the filing of his state post-conviction motion. See Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 751-752 (6th Cir. 2011) (limited access to prison law library did not justify equitable tolling when petitioner had almost ten months to timely file his petition when Ohio Supreme Court denied his motion for reconsideration of denial of his motion for delayed appeal from his conviction, but he failed to do so and instead filed unsuccessful motion in Ohio Court of Appeals to reopen his case); see also Maclin v. Robinson, 74 F. App'x 587, 589 (6th Cir. 2003) (limitation of inmate's access to law library to approximately one and a half hours a week did not constitute a state created impediment to inmate's access to courts, and thus did not toll the AEDPA's limitations period; although inmate claimed prison policy allowed for six hours of access to law library, restrictions of library time were constitutional so long as restrictions did not deny inmate access to courts).

Petitioner further claims that he is entitled to equitable tolling because the state courts have refused to provide him with a complete or accurate copy of the transcripts from his trial or pre-trial proceedings, as well as the transcripts from the parental termination proceedings in the St. Clair County Probate Court involving the victims' mother, who was also Petitioner's girlfriend. See Pet. Resp. at 3. Petitioner further claims that he has been impeded in filing his habeas petition because the State of Michigan has withheld documents which he claims are either exculpatory or necessary for the presentation of his claims. See Pet. Resp. at 7-8.

"Standing alone . . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." Hall, 662 F.3d at 750-751. In addition, a habeas petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from commencing post-conviction proceedings in the state courts and would not equitably toll the

11

limitations period for filing a petition for writ of habeas corpus. See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001); Grayson, 185 F. Supp. 2d at 751-752 (same). "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." Id. at 752. Petitioner could have timely filed a post-conviction "motion for relief from judgment with the state trial court, after which the trial court could have ordered production of the transcripts." Id.

In addition, equitable tolling is not called for in this case because, even without the trial court transcripts or additional documents, Petitioner was present during the trial and pre-trial proceedings and knew what his grounds for relief were. Hall, 662 F.3d at 751; see also Lloyd v. Van Natta, 296 F.3d 630, 633-634 (7th Cir. 2002) (unavailability of complete trial transcript did not warrant equitable tolling of the limitations period for filing a habeas petition which alleged prosecutorial misconduct in the closing argument, where the petitioner was at the trial and knew the basis on which he could have asserted prosecutorial misconduct). Therefore, Petitioner is not entitled to equitable tolling on this basis.

Petitioner also argues that the limitations period should be equitably tolled because his assigned appellate counsel suffered a stroke during his appeal of right, albeit after counsel had filed Petitioner's brief on appeal with the Michigan Court of Appeals. See Pet. Resp. at 3. Although the ineffective assistance of appellate counsel and a petitioner's substantial, involuntary delay in learning about the status of his appeal may justify equitable tolling of the limitations period, see Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 462 (6th Cir. 2012), there is no allegation by Petitioner that he did not receive timely notice of the denial of his appeal of right by the Michigan Court of Appeals. Petitioner, in fact, received a letter from Thomas Harp, the Michigan Appellate Assigned Counsel System Administrator, on July 7, 2004,

advising Petitioner that his appellate counsel had suffered a stroke, that his conviction had been affirmed by the Michigan Court of Appeals on June 8, 2004, and that he had until August 3, 2004 to timely file an application for leave to appeal with the Michigan Supreme Court. See 7/7/04 Harp Letter, Ex. 1 to Pet. at 73 (cm/ecf page) (Dkt. 1-2). Petitioner, in fact, was able to file a timely application for leave to appeal with that Court. See 7/27/04 Application for Leave to Appeal (Dkt. 13-15). Petitioner was also aware that the Michigan Supreme Court denied his application for leave to appeal on December 29, 2004. Petitioner did not file his post-conviction motion until almost seven years later. Because Petitioner failed to exercise due diligence in pursuing his state post-conviction or federal habeas remedies after the alleged ineffectiveness of his appellate counsel, he is not entitled to equitable tolling of the limitations period. See Keeling, 673 F.3d at 463.

Petitioner finally claims that the limitations period should be tolled because he is actually innocent of the crimes for which he was convicted. See Pet. Resp. at 3-6. The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in Schlup v. Delo, 513 U.S. 298 (1995). See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" Id. A "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. Moreover, in determining whether a petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "the timing of the petition is a factor bearing on the reliability of the evidence purporting to show actual innocence." Id. (brackets and quotation marks omitted). For an actual innocence exception to be credible under Schlup, such a claim requires a habeas petitioner to

13

support his or her allegations of constitutional error "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. See Ross v. Berghuis, 417 F.3d 552, 556 (6th Cir. 2005). Although Petitioner has presented extensive evidence that he claims could impeach the victims' credibility and establish that they committed perjury, a habeas petitioner's renewed attacks on a witness' credibility are insufficient to establish actual innocence for the purposes of excusing a procedural bar. See In Re Byrd, 269 F.3d 561, 577 (6th Cir. 2001) (holding that petitioner's "renewed attacks on [a] trial witness['s] . . . credibility . . . do not provide proof of 'actual innocence' sufficient to excuse an abuse of the writ) (citing Clark v. Lewis, 1 F. 3d 814, 824 (9th Cir. 1993) (allegation that prosecution witness could have been impeached by allegedly withheld evidence did not constitute a credible claim of "actual innocence" sufficient to show that the petitioner was actually innocent)); see also Calderon v. Thompson, 523 U.S. 538, 563 (1998) (newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); Sawyer v. Whitley, 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence). Evidence that merely impeaches a witness is thus insufficient to support a claim of actual innocence, so as to toll the one-year limitations period. See Sherratt v. Friel, 275 F. App'x 763, 768 (10th Cir. 2008) (noting that "new evidence must affirmatively demonstrate[ ] [the petitioner's] innocence, not simply undermine the finding of guilt against him"; McMurry v.

14

Wolfenbarger, No. 06-12415, 2007 WL 2318748, at *5 (E.D. Mich. Aug. 9, 2007) (holding that "attacks on a witness's credibility rarely provide proof of actual innocence").

Petitioner further claims that he has newly discovered evidence of his actual innocence based on Forensic Examiner Melinda Jackson's failure to test most of the evidence recovered by the police. See Pet. Resp. at 3, 6-8. This evidence, however, was available at Petitioner's trial. Any evidence from Petitioner's trial would not qualify as "new evidence," so as to support his actual innocence, in light of the fact that Petitioner was present at the trial. See, e.g., Connolly v. Howes, 304 F. App'x 412, 418 (6th Cir. 2008) (holding that evidence that was available to petitioner on the date he pled and would have been available at trial was not "new" evidence). Moreover, Petitioner has failed to show that any of the untested evidence contained exculpatory material. Petitioner's conclusory, vague allegations of actual innocence are insufficient to equitably toll the limitations period. See, e.g., Herbert v. Jones, 351 F. Supp. 2d 674, 679 (E.D. Mich. 2005) (holding that petitioner's "conclusory allegations" and "vague assertions" did not entitle him to "equitable tolling of the limitations period").

### B. Petitioner's Motions for an Evidentiary Hearing, to File Supplemental Pleadings, for Summary Judgment, and to File Exhibits in a Traditional Manner.

Petitioner has filed motions for an evidentiary hearing, to file supplemental pleadings, for summary judgment, and to file exhibits in a traditional manner. In light of the fact that the petition is time-barred, the motions are denied as moot. See, e.g., Hunt v. Stegall, 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001) (denying as moot petitioner's motion for an evidentiary hearing where the court dismissed with prejudice petitioner's application for a writ of habeas corpus filed after the one-year limitations period had expired). Furthermore, the Court notes that all of the exhibits that Petitioner wishes to file in his motion for supplementary pleadings and in his

motion to file exhibits in a traditional manner were already attached to his original petition and filed with the Court at the time that his case was opened.

### C. Certificate of Appealability and Leave to Appeal <u>In</u> <u>Forma</u> <u>Pauperis</u>

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. <u>See</u> 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. <u>Id</u>. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; <u>Castro v. United States</u>, 310 F.3d 900, 901 (6th Cir. 2002).

Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack,</u> 529 U.S. at 484. When a plain procedural bar is

16

present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

Having considered the matter, the Court declines to issue Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. See Grayson, 185 F. Supp. 2d at 753. The Court also denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## V. CONCLUSION

For the reasons set forth above, the Court concludes that Petitioner failed to file his habeas petition within the applicable statute of limitations period. Accordingly, the Court grants Respondent's motion for summary judgment (Dkt. 12) and denies with prejudice Petitioner's request for habeas relief (Dkt.1). The Court also denies as moot Petitioner's motions for an evidentiary hearing (Dkt. 1), to file supplemental pleadings (Dkt. 9), for summary judgment (Dkt. 14), and to file exhibits in a traditional manner (Dkt. 16). Finally, the Court declines to issue Petitioner a certificate of appealability, and Petitioner is denied leave to appeal in forma pauperis.

SO ORDERED.

Dated: October 29, 2014  
    Detroit, Michigan

s\Mark A. Goldsmith  
MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2014.

                                              s/Johnetta M. Curry-Williams
                                              JOHNETTA M. CURRY-WILLIAMS
                                              CASE MANAGER