UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GARDNER, #287557,

       Petitioner,

                                                    Case No. 13-CV-15051

v.

                                                    HON. MARK A. GOLDSMITH

DUNCAN MACLAREN,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION (Dkt. 20) AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY (Dkt. 21) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**I. INTRODUCTION**

On October 29, 2014, the Court summarily denied Petitioner's application for a writ of habeas corpus on the ground that it was time-barred by the statute of limitations contained in 28 U.S.C. § 2244(d), and that Petitioner was not entitled to equitable tolling. See Gardner v. MacLaren, No. 13-CV-15051, 2014 WL 5481324, at *2-7, 9 (E.D. Mich. Oct. 29, 2014). The Court also declined to issue a certificate of appealability or to grant leave to appeal in forma pauperis. Id. at *9. Petitioner has now filed a notice of appeal (Dkt. 19). Petitioner has also filed a motion for reconsideration (Dkt. 20) and a motion for a certificate of appealability (Dkt. 21). For the reasons stated below, the Court denies the motion for reconsideration. The Court further orders that Petitioner's motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

**II. ANALYSIS**

1

The Court lacks jurisdiction to consider Petitioner's motion for reconsideration because Petitioner has filed a notice of appeal in this case. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985); see also Workman v. Tate, 958 F.2d 164, 167 (6th Cir. 1992) ("It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court."). Because Petitioner has filed a notice of appeal, the Court lacks jurisdiction to amend its original opinion and order to consider the merits of Petitioner's case. Workman, 958 F.2d at 167-168; see also Raum v. Norwood, 93 F. App'x 693, 695 (6th Cir. 2004) (noting that "plaintiffs deprived the district court of jurisdiction [over their motion for reconsideration] by filing a notice of appeal before the district court had chance to make a decision on the motion to reconsider").

Moreover, even if the Court had jurisdiction over the motion for reconsideration, the Court would deny the motion. E.D. Mich. LR 7.1(h) governs motions for reconsideration. Under that rule, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Id.

In his motion for reconsideration, Petitioner advances a number of arguments that his habeas petition was timely filed in compliance with the statute of limitations contained within 28 U.S.C. § 2244(d)(1). The Court, however, considered and rejected all of these arguments when it dismissed the petition for writ of habeas corpus on statute of limitations grounds. Because

Petitioner is merely presenting issues which were already ruled upon by the Court, either expressly or by reasonable implication, when the Court summarily denied Petitioner's habeas application and declined to issue a certificate of appealability or leave to appeal in forma pauperis, the Court would deny Petitioner's motion for reconsideration, even if it had jurisdiction.  See Hence v. Smith, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999) (denying the petitioner's motion for reconsideration because the petitioner merely presented the same issues ruled upon by the district court, either expressly or by reasonable implication).

Petitioner has also filed a motion for certificate of appealability.  The Court notes that, when a district court denies a certificate of appealability, "the proper procedure . . . is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying" the petition for writ of habeas corpus or the motion to vacate sentence.  See Sims v. United States, 244 F.3d 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)).  In light of the fact that the Court has already denied Petitioner a certificate of appealability, Petitioner should direct his request for a certificate of appealability to the Sixth Circuit.  The Court, in the interests of justice, will order that the motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.  See Johnson v. Woods, No. 5:12-11632, 2013 WL 557271, at *2 (E.D. Mich. Feb. 13, 2013) (transferring the petitioner's motion for a certificate of appealability to the Sixth Circuit where the district court had previously denied the petitioner a certificate of appealability when it denied the petitioner's application for a writ of habeas corpus); Steele v. Warren, No. 11-12064, 2014 WL 5307220, at *1 (E.D. Mich. Oct. 15, 2014) (same).

### III. CONCLUSION

For the reasons stated above, the Court denies Petitioner's motion for reconsideration (Dkt. 20). Further, the Court orders the Clerk of the Court to transfer Petitioner's motion for a certificate of appealability (Dkt. 21) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

SO ORDERED.

Dated: November 21, 2014  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2014.

s/Johnetta M. Curry-Williams  
JOHNETTA M. CURRY-WILLIAMS  
CASE MANAGER